IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THE CHARTER OAK FIRE INS. CO., | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. 22-cv-02290-SAG |
| HEARTY PET, INC., | * | |
| Defendant/Third-Party Plaintiff, | * | |
| v. | * | |
| ALLIANCE MATERIAL HANDLING, INC., | * | |
| Third-Party Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This action arises out of a fire in a warehouse owned by an insured of Plaintiff The Charter Oak Fire Insurance Company ("Charter Oak"). Charter Oak has sued the warehouse's lessee, Hearty Pet, Inc. ("Hearty Pet"), alleging that Hearty Pet's negligence caused the fire. Hearty Pet filed a third-party complaint against Alliance Material Handling, Inc. ("Alliance"). ECF 11. Alliance has moved to dismiss the third-party complaint. ECF 21. This Court has reviewed the motion, Hearty Pet's opposition, ECF 23, and Alliance's reply, ECF 24. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons set forth below, the motion will be granted.

I.  BACKGROUND

The third-party Complaint alleges that several days before the April 17, 2020 fire at the warehouse leased by Hearty Pet, an Alliance representative visited to try to rent Hearty Pet an electric forklift. ECF 11 ¶¶ 4, 9. Alliance left the forklift, charger, and extension cord with Hearty Pet to allow it to test the equipment. *Id.* ¶¶ 10, 11, 12. On the first night Hearty Pet tried to charge

the forklift with the charger and extension cord, the fire occurred. *Id.* ¶ 13. Hearty Pet alleges "on information and belief, the cord and charger for the electric forklift were unsafe and caused the fire." *Id.* ¶ 14. Hearty Pet sues Alliance for negligence, common law indemnity, and contribution. ECF 11.

## II.   LEGAL STANDARD

Under Rule 12(b)(6), a defendant may test the legal sufficiency of a complaint by way of a motion to dismiss. *See In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom.*, *McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

To survive a motion under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for all civil actions[.]") (quotation omitted); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). However, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Further, federal pleading rules "do not

countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556.

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. MTA*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). However, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

### III. ANALYSIS

Applying the *Iqbal/Twombly* standard, Hearty Pet has not alleged sufficient factual matter to plausibly assert a claim against Alliance. The current conclusory allegations do not include facts suggesting how Alliance was negligent, that the cord or charger was unsafe, or that the cord or charger caused the fire. ECF 11. In its opposition, Hearty Pet alleges certain facts that it relied upon in making its allegations, but those facts are not referenced in the third-party complaint. ECF 23. It is appropriate, then, for this Court to grant Alliance's motion and dismiss the third-party complaint without prejudice.

### IV. CONCLUSION

For the reasons set forth above, Alliance's motion to dismiss the third-party complaint, ECF 21, will be GRANTED and the third-party complaint will be dismissed without prejudice. Hearty Pet will be granted leave to amend its third-party complaint within fourteen days of this opinion and order, should it be able to allege a sufficient factual basis for its claims against Alliance. A separate order follows.

Dated: January 12, 2023                                /s/
                                                                  Stephanie A. Gallagher
                                                                   United States District Judge